**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CHAPTER 7** |
| | ) | |
| **SHIRLEY ANN BULLOCK,** | ) | **CASE NO. 12-70633** |
| | ) | |
| Debtor. | ) | |
| _____ | ) | _____ |
| **SHIRLEY ANN BULLOCK,** | ) | |
| | ) | |
| Movant | ) | |
| | ) | **MOTION FOR AUTHORITY TO** |
| v. | ) | **REDEEM PERSONAL PROPERTY** |
| | ) | |
| **CAPITAL ONE AUTO FINANCE,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM DECISION**

The matter before the Court is the Debtor's contested Motion for Authority to

Redeem Personal Property (the "Redemption Motion") with respect to a 2006 year model Dodge

Durango sport utility vehicle ("the Durango") which she acquired by means of financing

provided to her by Capital One Auto Finance ("Capital One"). An evidentiary hearing was held

on November 7, 2012 at which time the Debtor appeared with her counsel, John E. Jessee, Esq.,

and Capital One appeared by its local counsel, David J. Hutton, Esq. The precise issue presented

is the proper redemption value for the Durango. At the conclusion of the hearing, the Court took

the Redemption Motion under advisement.

FINDINGS OF FACT

The Court makes the following findings of fact with respect to the Motion:

1.  The Debtor filed her Chapter 7 bankruptcy petition with this Court on April 3, 2012 which included a Statement of Intention pursuant to 11 U.S.C. § 521(a)(2) that advised of her intent to retain the Durango and reaffirm the debt it secured owing to Capital One.

2.  In both Schedules B and D to that petition the Debtor valued the Durango at $6,170. In the latter schedule she represented the debt owing to Capital One as being $11,314 and the unsecured portion of the debt as being $5,144.

3.  On June 18, 2012, the Debtor filed the Redemption Motion asserting that a proper redemption value would be "not more than $6,250."  On July 24, 2012, Capital One filed an objection to that motion which claimed that the NADA retail value of the Durango was $12,675 and that the amount owed on it was $11,319.10.  It attached to its response a purported NADA valuation having a "print date" of July 23, 2012 and setting forth the elements of the $12,675 retail valuation.  The Debtor's objection at the evidentiary hearing to this document offered as an exhibit was sustained on the basis that it was based on mileage significantly less than the Durango actually had and also included options which the vehicle did not have.

4.  The Redemption Motion was originally noticed to be heard on July 25, 2012 but the hearing date was continued twice at the request of the parties to allow them an opportunity to conduct discovery and attempt to negotiate a resolution of the Redemption Motion, which was finally heard on November 7.

5.  The Debtor attached to the Redemption Motion two valuation appraisals prepared by an employee of the company offering to provide financing to the Debtor for the purpose of enabling her to redeem the Durango.  One is a Kelley Blue Book "private party" sale valuation

of $6,250 and the other is an Edmund's dealer retail valuation of $7,354.  Both of these

valuations indicate that they were printed out as of May 3, 2012.  Also attached to the

Redemption Motion is a vehicle condition report prepared as of June 7, 2012 setting forth the

vehicle's mileage, options and general condition, which is represented to be "fair."  This report

indicates affirmatively that the Durango does not have four wheel drive.  The Debtor testified at

the hearing that in her opinion the vehicle had a retail value of only $5,000 due to its mileage,

condition and various repairs which she indicated it needed.  There is no dispute that the vehicle

is used for normal family and household purposes.  Both parties relied at the hearing on various

pricing guides but neither offered an appraiser having experience in the area of valuing motor

vehicles who had actually examined the Durango.

6.  At the hearing, after the Debtor's objection to the NADA valuation which had been

attached to Capital One's objection was sustained, the latter's counsel offered a second valuation

from that same service based on a vehicle's mileage assumption of 135,000.  This valuation,

which indicated a print date of August 13, 2012, also assumed fewer options than the original

valuation and arrived at a dealer retail value of $11,100.  This value assumed a rear

entertainment system option valued at $350 and a towing package option valued at $150.  It also

assumed that the vehicle has four wheel drive.  This document was admitted into evidence as

Respondent's Exhibit 1.

7.  Ms. Bullock testified that the Durango had been wrecked in September of 2012 in a

collision with a deer.  The vehicle was repaired after that accident at a cost of approximately

$4,000.  She further testified that the Durango needed mechanical repairs estimated to cost

approximately $2,000, but her offer into evidence of a prepared estimate of the cost of the

needed repairs was excluded upon objection by counsel for Capital One on the ground of

hearsay.  She testified that the engine was going out, that the exhaust manifold gaskets were

blown, and that the Durango needed a tune up and a transmission service.  She further testified

that the vehicle did not have factory installed running boards but that she had purchased some for

it.  She further denied that it had the camping/towing option and did not have a luggage rack.  In

response to questions from counsel for Capital One, she stated that the Durango was operational

but that it is "real sluggish" and doesn't pick up speed.  She further testified that the vehicle

presently has mileage of approximately 134,000 and that she believed its approximate mileage at

the time she filed her petition was 129,000.  With respect to the Durango's physical condition

she testified that the leather seats were ripping, the dashboard is cracked, the CD player doesn't

work and the "whole stereo system is down."  She further claimed that she had looked at two

valuation services in coming up with her own opinion and that they indicated retail valuations of

$5,800 and $6,000.  She did not testify specifically as to whether the Durango does or does not

have four wheel drive.

8.  The Court's finding of fact as to the Durango's redemption value is set forth in the

Decision portion of this opinion.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28

U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District

Court on July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the

Western District of Virginia.  The Court further concludes that the determination of the value of

a secured claim upon property of the bankruptcy estate for the purpose of determining a

redemption motion pursuant to 11 U.S.C. § 722 is a "core" bankruptcy proceeding within the

meaning of 28 U.S.C. § 157(b)(2)(O) as a proceeding "affecting . . . the adjustment of the debtor-

creditor . . . relationship[.]"

The Bankruptcy Code provides in § 722 a right to individual debtors to redeem

tangible personal property "intended primarily for personal, family, or household purposes" from

a lien secured by such property.  The language of the statute reads as follows:

> An individual debtor may, whether or not the debtor has waived the
> right to redeem under this section, redeem tangible personal property
> intended primarily for personal, family, or household use, from a lien
> securing a dischargeable consumer debt, if such property is exempted
> under section 522 of this title or has been abandoned under section
> 554 of this title, by paying the holder of such lien the amount of the
> allowed secured claim of such holder that is secured by such lien in
> full at the time of redemption.

Within the preceding twelve months this Court in the case of *In re Kell*, No. 11-71388 (Bankr.

W.D. Va. Nov. 17, 2011),[1] has dealt with another contested redemption motion for a motor

vehicle and reviewed the applicable principles which govern the determination of the present

dispute.  From that decision the following conclusions of law are pertinent to the decision of this

case:

1.  The correct standard is now "replacement" rather than "liquidation" value.  11

U.S.C. § 506(a)(2); *Kell*, slip op. at 6-7, citing authorities.

2.  "With respect to property acquired for personal, family or household purposes,

replacement value shall mean the price a retail merchant would charge for property of that kind

---

[1] The Court's Memorandum Decision in this case can be found on the Court's website
(www.vawb.uscourts.gov/Judges/Opinions).

considering the age and condition of the property at the time value is determined." § 506(a)(2).

3.  The debtor bears the burden of proving that the property is worth less than the amount owing to the creditor which is secured by a lien upon such property. *See Kell*, slip op. at 6; *In re Brown*, 244 B.R. 603, 610-11 (Bankr. W.D. Va. 2000).

4.  The proper valuation date is the petition filing date rather than the hearing date upon a redemption motion. *Kell*, slip op. at 7. *See also In re Allen*, 240 B.R. 231, 236-37 (Bankr. W.D. Va. 1999).

5.  "Statements contained in the schedules of a bankruptcy debtor can constitute binding admissions of the factual matters set forth in such schedules." *Kell*, slip op. at 7, citing authorities.


DECISION

Unfortunately the evidence produced by the parties leaves much to be desired with regard to providing confidence as to the dealer retail value of the Durango as of April 3, 2012, the date the petition was filed.  The Court is not willing to accept the Debtor's testimony that the value of this vehicle for the purpose of the Redemption Motion should be $5,000 when the schedules she filed under penalty of perjury in this case asserted that the value of such vehicle was $6,170 as of the petition date.  She has provided uncontested and unimpeached testimony, however, that the vehicle is in need of significant repairs and that its physical condition is marginal, although it is not entirely clear whether these conditions were equally true as of the petition date as they were approximately seven months later at the time of the hearing. Although Capital One was provided something more than four months of time between the

originally scheduled hearing date for the Redemption Motion and the actual hearing date to

investigate the condition, characteristics and value of the Durango, it apparently failed entirely to

take advantage of that opportunity, perhaps based on some cost/benefit analysis of the expense to

do so.  Between the filing date and the hearing date the Debtor put approximately 5,000 more

miles on the vehicle.  The evidence fails to indicate clearly whether or not the Durango has four

wheel drive, a factor which the Court believes does materially affect its market value.  The Court

has greater confidence in the Edmunds valuation than it does with the NADA valuation.  For one

thing, the assumed condition utilized for the NADA valuation is not specified, while the

Edmunds valuation appears to be based on an average condition assumption.  For another, the

Court believes that the Edmunds valuation is less susceptible of potential bias and conflict of

interest than NADA values, which after all are provided by the National Association of

Automobile Dealers whose members would appear to have an obvious self-interest in higher

rather than lower values for used motor vehicles.  The Court must make a decision based on the

evidence actually presented to it, not on more detailed evidence which might have been

provided.  Giving consideration to the Debtor's burden to prove that the Durango's value is less

than what is owed upon it, the Court determines that it is not persuaded that the vehicles's dealer

retail value as of April 3, 2012 was less than $7,500.  Accordingly, it will determine that to be its

proper redemption value.  An order granting that motion in such amount, provided that she pays

such amount in full to Capital One within thirty days of the date of this Decision, will be entered

contemporaneously herewith.

DECIDED this 15th day of November, 2012.


_____

UNITED STATES BANKRUPTCY JUDGE